UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROL ASCHERMANN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
|   vs. | ) | NO. 1:10-cv-00433-LJM-DML |
| | ) | |
| AETNA LIFE INSURANCE | ) | |
| COMPANY, LUMBERMENS | ) | |
| MUTUAL CASUALTY COMPANY, | ) | |
| ASTRAZENECA LONG TERM | ) | |
| DISABILITY INSURANCE PLAN, | ) | |
| ASTRAZENECA RETIREE HEALTH | ) | |
| CARE PLAN | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO DETERMINE STANDARD OF ADJUDICATION

This matter is before the Court on plaintiff's, Carol Aschermann ("Plaintiff"), Motion to Determine Standard of Adjudication (Dkt. No. 24) for claims against defendants, Aetna Life Insurance Company ("Aetna"), Lumbermens Mutual Casualty Company ("Lumbermens"), the AstraZeneca Long Term Disability Insurance Plan ("Disability Plan"), and the AstraZeneca Retiree Health Care Plan ("Medical Plan") (collectively "Defendants"), under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Court has considered the parties' submissions and rules as follows.

## I. BACKGROUND

Plaintiff was employed by AstraZeneca Pharmaceutical ("AstraZeneca") as a Pharmaceutical Sales Representative from April 1997 until April 2003. Dkt. No. 14 ¶¶ 16, 17. As an AstraZeneca employee, Plaintiff was a participant in the Disability Plan. *Id.* at

¶ 5. Lumbermans issued an insurance policy funding benefits under the Disability Plan. *Id.* at ¶ 6. Aetna served as the third party administrator for the Disability Plan. *Id.* at ¶ 8. The parties agree that the Disability Plan is an employee benefit plan governed by ERISA.

In 2003, Plaintiff became disabled due to thoracic and lumbosacral neuritis, degenerative disc disease, and spondylolisthesis. *Id.* at ¶ 18. Her last day of work at AstraZeneca was April 28, 2003. *Id.* at ¶ 19. She applied for long term disability benefits under the Disability Plan, and her application was approved. *Id.* at ¶ 22. From April 2003 until September 1, 2009, Plaintiff received monthly disability benefits. *Id.* As of September 1, 2009, Aetna terminated Plaintiff's disability benefits, claiming that her condition no longer met the definition of "Disability" as required by the Disability Plan. *Id.* at ¶ 23.

Plaintiff filed suit in this Court against Defendants alleging termination of her disability benefits[1] in violation of ERISA. *See generally* Dkt. No. 1. The parties now seek a determination as to the standard of review applicable to Plaintiff's claims against Aetna. Plaintiff contends that only Lumbermans, not Aetna, had discretion under the Disability Plan to evaluate claims; therefore, Plaintiff's claims against Aetna should be subject to *de novo* review. Dkt. No. 24 at 6. In contrast, Aetna contends that Lumbermans properly delegated discretion to Aetna in compliance with the Disability Plan; therefore, Aetna's actions should be reviewed under the arbitrary and capricious standard. Dkt. No. 29 at 3.

The Court adds additional facts below as needed.

---

[1] For purposes of this Motion, the parties seek a determination on the standard of review applicable to the Disability Plan. This Order is not intended to have any effect as to Plaintiff's claims involving the Medical Plan.

## II. DISCUSSION

ERISA was enacted "to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989). A denial of benefits challenged under ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115. To lower the standard of review from *de novo* to arbitrary and capricious, "the plan should clearly and unequivocally state that it grants discretionary authority to the administrator." *Perugini-Christen v. Homestead Mortg. Co.*, 287 F.3d 624, 626 (7th Cir. 2002). In other words, plenary review is presumed absent clear language to the contrary. *Herzburger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir. 2000). The party seeking deferential review—in this case, Aetna—has the burden of proof on the issue. *Sperandeo v. Lorillard Tobacco Co., Inc.*, 460 F.3d 866, 870 (7th Cir. 2006).

Plaintiff does not dispute that the Disability Plan gives discretion to Lumbermans such that Lumbermans' actions are subject to arbitrary and capricious review. Dkt. No. 24 at 6.[2] However, the question remains whether Lumbermans can delegate this discretion to Aetna and, if so, whether Lumbermans in fact delegated the discretion. Aetna contends that the Administrative Services Agreement ("ASA"), signed by Lumbermans and under

---

[2] Relevant language in the summary of the Disability Plan states:

[Lumbermans] reserve[s] full discretion and authority to manage the [Disability Plan], administer claims, and interpret all policy terms and conditions. This includes, but is not limited to, the right to . . . [d]etermine whether proof of your loss is satisfactory for receipt of benefit payments according to the terms and conditions of the [Disability Plan].

Dkt. No. 24-1 at 17.

which Aetna was subsequently assigned rights,[3] is a plan document that can delegate discretionary authority to Aetna. Dkt. No. 29 at 3. However, Plaintiff contends that the ASA is not a plan document because the Disability Plan itself does not permit delegation, and Disability Plan participants were not notified that Aetna had any discretion in determining their claims. Dkt. No. 37 at 4–5.

### A. LUMBERMANS' POWER TO DELEGATE

"The interpretation of ERISA plans is governed by federal common law, which draws on general principles of contract interpretation to the extent they are consistent with ERISA." *Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 823 (7th Cir. 2010). Absent provisions of ERISA to the contrary, plan language should be given its plain and ordinary meaning. *Pitcher v. Principal Mut. Life Ins. Co.*, 93 F.3d 407, 411 (7th Cir. 1996).

Turning to the plain language of the Disability Plan, the Court concludes that the Disability Plan permits delegation of Lumbermans' discretion. The Disability Plan states:

> The Plan Administrator has the power and authority to interpret and construe the provisions of the [Disability Plan] and has sole discretion in making determinations under the [Disability Plan.] . . . . The Plan Administrator may delegate any or all of this authority to a third party[.]

Dkt. No. 29-1 at 12. This language clearly allows Lumbermans, as the Plan Administrator, to delegate any of its powers to a third party, including Aetna. Given that delegation is permissible, the Court now turns to whether delegation in fact occurred.

---

[3] Defendants contend that Lumbermans initially delegated discretionary authority to NATLSCO as a third party administrator, and Aetna acquired NATLSCO's rights and duties through the subsequent purchase of disability claim management services from NATLSCO's successor entities. *See* Dkt. No. 29 at 4 n.3 & Ex. 2. As Plaintiff has brought forth no evidence contradicting Defendants' company history, the Court accepts it as true for purposes of this Motion.

4

## B. DELEGATION THROUGH THE ASA

In order for delegation to bind plan participants, the delegation must take place in a plan document. *See* 29 U.S.C. § 1102(a)(1) (2010) (giving plan fiduciaries as named in written instrument authority to control and manage operation of plan). A plan document is "one which a plan participant could read to determine his or her rights or obligations under the plan." *Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*, 898 F. Supp. 1118, 1136 (D.N.J. 1995) (citing *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995)); *see also Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 817 (7th Cir. 2002) (citing *Local 56*). A given ERISA plan may be governed by multiple documents, each of which is considered a plan document. *Health Cost Controls of Ill., Inc. v. Washington*, 187 F.3d 703, 712 (7th Cir. 1999). The parties dispute whether the ASA is a plan document.

The ASA in this case is an insurance policy. *See generally* Dkt. No. 29-1. Insurance policies can be plan documents when they delegate the requisite discretion to determine benefits to the insurer. *See Ruiz v. Cont'l Cas. Co.*, 400 F.3d 986, 991 (7th Cir. 2005). According to the ASA, Aetna "will determine eligibility based on [the Disability Plan's] provisions." Dkt. No. 29-2 at 20. In addition, subsequent amendments to the ASA state that Aetna "will have discretionary authority to . . . determine a claimant's eligibility for benefits throughout the entire claim process, including . . . throughout any and all levels of appeal[.]" *Id.* at 29; *see also generally id.* at 29–30 (describing Aetna's broad discretion throughout the claim process, including appeals). By the express terms of the ASA, Aetna agreed to process claims under the Disability Plan and was granted the same discretionary authority as Lumbermans, the original plan administrator. *Cf. Semien v. Life Ins. Co. of N.*

5

*Am.*, 436 F.3d 805, 811 (7th Cir. 2006).

Plaintiff contends that, under *Fritcher*, an administrative services agreement is not a plan document and, consequently, cannot be applied against a plan participant. *See Fritcher*, 301 F.3d at 817. However, rather than concluding that an administrative services agreement can never be a plan document, *Fritcher* simply stands for the proposition that an administrative services agreement that does not address discretion in awarding benefits cannot serve as a plan document. *See id.*; *see also Skibbe v. Metro. Life Ins. Co.*, No. 05-C-3658, 2007 WL 2874035, at *10 (N.D. Ill. Sept. 24, 2007) (refusing to apply arbitrary and capricious review because, although plan language granted power to administer plan, it did not delegate discretion in processing claims to third party administrator). The Disability Plan and the ASA both clearly address discretion in awarding benefits. *See* Dkt. No. 29-2 at 29. Accordingly, because the ASA sets out rules for awarding benefits to plan beneficiaries, the Court concludes that the ASA is a plan document granting discretion to Aetna. *See Ruiz*, 400 F.3d at 991.

As a plan document, the ASA may be considered in determining whether discretion was properly delegated to Aetna. Examining the plain language of the ASA combined with language allowing delegation in the Disability Plan itself, the Court concludes that Lumbermans properly delegated discretionary authority to decide eligibility for benefits to Aetna. As such, Aetna's eligibility determination is entitled to arbitrary and capricious review.

### III. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Determine Standard (Dkt. No. 24) is **GRANTED**. The arbitrary and capricious standard of review will apply to Plaintiff's claims against Aetna.

IT IS SO ORDERED this 12th day of November 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

William Robert Brown
SCHUCKIT & ASSOCIATES, P.C.
wbrown@schuckitlaw.com

Mathew D. Dudek
MECKLER BULGER TILSON MARICK & PEARSON LLP
Suite 1800
123 N. Wacker Drive
Chicago, IL 60606

Eric P. Mathisen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
eric.mathisen@ogletreedeakins.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Peter Petrakis
MECKLER BULGER & TILSON LLP
peter.petrakis@mbtlaw.com

Mark E. Schmidtke
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
mark.schmidtke@ogletreedeakins.com

Rachel S. Urquhart
MECKLER BULGER & TILSON LLP
rachel.urquhart@mbtlaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com